

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00255-CV

## IN THE INTEREST OF K.V. AND P.B., CHILDREN

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2015-331-3**

## ABATEMENT ORDER

On January 30, 2015, the Department of Family and Protective Services brought suit to terminate the parental rights of K.V.'s and P.B.'s mother, K.V.'s father, and P.B.'s father, Appellant M.B. On February 6, 2015, M.B. filed in the trial court a request for a court-appointed attorney and an affidavit of financial condition. Although the order is not included in the appellate record, the trial court appears to have appointed Patrick Brady to represent M.B. in this matter. The final hearing was conducted on July 19, 2016. On July 20, 2016, the trial court sent a letter memorandum to the parties explaining the trial court's decision and findings in this case. The final order of termination was signed on November 9, 2016, terminating the parental rights of all three parents.

On August 5, 2016, M.B. filed in the trial court a motion to terminate counsel of record on appeal. M.B. stated that he was "invok[ing] his right to terminate Counsel Patrick Brady as appellate counsel of record in this case, and his right to proceed pro se in the matter." M.B. asserted that he wanted the trial court to terminate Brady as his attorney of record because there was a direct conflict of interest and irreconcilable difference in their attorney/client relationship. On September 19, 2016, the trial court signed an order granting M.B.'s motion and discharging and relieving Patrick Brady of all duties in this matter.

M.B. filed a pro se notice of appeal on August 5, 2016, appealing the termination of his parental rights.[1] On December 7, 2016, this Court notified M.B. that his docketing statement and brief were overdue. On December 29, 2016, M.B. filed motions for extension of time to file his docketing statement and opening brief. M.B. stated that he was requesting an extension of time because he could not afford counsel and needed time to hire an attorney or to be appointed an attorney.

If M.B. is indigent, he has a statutory right to appointed counsel. TEX. FAM. CODE ANN. § 107.013(a). Accordingly, on January 18, 2017, we abated this cause to the trial court for a hearing to determine whether M.B. is indigent or presumed to remain indigent during this appeal (because the trial court had already determined that M.B. is indigent), in which case the trial court was ordered to appoint counsel for M.B. On January 19, 2017,

---

[1] The mother of K.V. and P.B. and the father of K.V. have not appealed.

the trial court signed an order re-appointing Patrick Brady's firm as counsel for M.B., and this appeal was subsequently reinstated.

Brady promptly filed a docketing statement and a motion for extension of time to file the appellant's brief.  In a letter order dated February 14, 2017, we granted the motion and stated that the appellant's brief was due by February 23, 2017.  On February 23, 2017, Brady filed a second motion for extension of time to file the appellant's brief.  In a letter order dated February 28, 2017, we granted the second motion and stated that the appellant's brief was due by March 10, 2017.

Brady has now filed a motion to abate the appeal and third motion for extension of time to file the appellant's brief.  Brady states in the motions that he has prepared the appellant's brief but that M.B. "finds it wholly lacking" and has specifically instructed him not to file the prepared brief.  M.B. believes that he needs different legal representation to prepare a better brief and would like a hearing to determine whether he has other options in regard to legal representation.

We abate this cause to the trial court for a hearing to determine whether M.B. wishes to (1) continue being represented by his appointed counsel, (2) represent himself, or (3) retain counsel to represent him.  If M.B. wishes to represent himself, the trial court shall inform M.B. on the record that "there are technical rules of evidence and procedure, and that he will not be granted any special consideration solely because he has asserted his right of self-representation."  *See In re C.L.S.*, 403 S.W.3d 15, 21 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (quoting *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008)).

The trial court shall conduct the hearing within 14 days after the date of this order. The trial court clerk and court reporter shall file supplemental records within 14 days of the date of the hearing.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray dissenting with a note)*
Appeal abated
Order issued and filed April 5, 2017
Do not publish

*     (Chief Justice Gray dissents. While an indigent party has the right to represent himself, he does not have the right to assert the right in a manner that frustrates the court's ability to timely dispose of the case. Such a delay interferes with not only the rights of the other parties in this proceeding but also the rights of all the other parties in proceedings pending before this court whose rights are adversely impacted by the delay caused by our devotion of resources to this proceeding while M.B. vacillates in his position. I would order M.B.'s attorney to file the brief that has been prepared for M.B. If M.B. wants to assert his right to represent himself, he can thereafter move to strike the brief and file his own. He has already been admonished of his rights and the risk, duties, and challenges of acting as his own attorney. It is time to move the disposition of this case forward toward a resolution, not abate it to the trial court.)

